**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**JAMES T. BUFORD,** *and*
**BABETTA T. BUFORD,**

    *Plaintiffs*,

  v.                                          Civil Action No. _____

**OCWEN LOAN SERVICING, LLC, and
SURETY TRUSTEES, LLC,**

    *Defendants*.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Ocwen Loan Servicing, LLC ("Ocwen"), by counsel, hereby removes this action from the Circuit Court of the City of Chesapeake, Virginia, to the United States District Court for the Eastern District of Virginia, Norfolk Division. Removal is proper because this Court has original jurisdiction based on federal question jurisdiction and diversity jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. In support thereof, Ocwen states as follows:

### INTRODUCTION

1. This action was commenced on February 21, 2018, in the Circuit Court for the City of Chesapeake, Virginia, styled *James T. Buford, et al., v. Ocwen Loan Servicing, LLC, et al.*, Case No. CL18-1370 (the "State Court Action").

2. A copy of the Complaint, and other documents filed in the State Court Action, is attached collectively as **Exhibit A**.

3. Ocwen was served with process on March 1, 2018.

4. This Notice of Removal is being filed within thirty days of Ocwen's receipt of the Complaint and within one (1) year of the action's commencement date, making the action timely removed pursuant to 28 U.S.C. § 1446(b), (c)(1).

5. A true and correct copy of this Notice of Removal will promptly be filed in the Circuit Court of the City of Chesapeake, Virginia. A true and correct copy of the Notice of Filing of Notice of Removal is attached as **Exhibit B**.

6. Furthermore, this Notice of Removal is being served on all adverse parties as required by 28 U.S.C. § 1446(d).

7. The action is factually premised upon Plaintiffs' default on a loan (the "Loan") secured by real property they own, known as 608 Windward Drive, Chesapeake, Virginia 22320 (the "Property"), and Ocwen's scheduled foreclosure on the Property. [**Ex. A** ¶¶ 1, 4, 8−23.]

8. Plaintiffs fell behind on their mortgage payments in the September 2017, and contacted Ocwen several months later to make a payment on the account. [*Id.* ¶¶ 8−12.] They contend that they attempted to tender payment to Ocwen, but were unable to do so online. [*Id.* ¶¶ 12−13.] Plaintiffs also contend that they failed to receive correspondence from Ocwen regarding loss mitigation. [*Id.* ¶¶ 13−20.]

9. Ocwen denies the allegations in the Complaint, denies that Plaintiffs have stated any claim for which relief may be granted, and denies that Plaintiffs have suffered damages in any manner whatsoever. Nevertheless, assuming for jurisdictional purposes only that Plaintiffs' claims are valid, Plaintiffs could have filed the Complaint in this Court under federal question jurisdiction.

10. Plaintiffs do not allege any wrongdoing, and do not seek any damages, against Defendant Surety Trustees, LLC ("Surety"). [*Id.* ¶¶ 3, 26−32.] It is at best a nominal party against

whom no claim is being asserted, but who is improperly named solely because of its role as trustee of the foreclosure sale.[1]

## I.   FEDERAL QUESTION JURISDICTION

11.   Plaintiffs' claims arise out of the Loan serviced by Ocwen.  In the Complaint, Plaintiffs allege violations of Regulation X under the Real Estate Settlement Procedures Act ("RESPA"), 12 C.F.R. § 1021 *et seq.*  [**Ex. A** ¶¶ 27−30.]

12.   Specifically, Plaintiffs claim Ocwen failed to contact them regarding loss mitigation options in violation of RESPA's Regulation X.  [*Id.* ¶¶ 24, 30.]

13.   While Plaintiffs attempt to couch their RESPA claims as breach of contract claims by arguing these regulations are incorporated into their Deed of Trust, **Ex. A** ¶¶ 26−27, this Court has already determined Regulation X is not incorporated into deeds of trust.  *Jennings v. RoundPoint Mortg. Servicing Corp.*, No. 2:17-cv-427, 2018 U.S. Dist. LEXIS 32339, at *10 (E.D. Va. Feb. 27, 2018).

14.   Even if Regulation X was incorporated into the Loan contracts, this case may still be removed pursuant to the Court's federal question jurisdiction.  Federal question jurisdiction pursuant to 28 U.S.C. § 1331 may exist over this action if the claims asserted by Plaintiffs in their Complaint involve questions that will require resolution of significant, disputed issues arising under federal law.

15.   District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "The Supreme Court has long recognized . . . that federal-question jurisdiction is not limited to cases where federal law

---

[1]   Accordingly, no consent to removal is required from Defendant Surety as discussed in detail below.

creates the cause of action." *Columbia Gas Transmission Corp. v. Drain*, 191 F.3d 552, 557 (4th Cir. 1999). Even "[w]here state law creates the cause of action, federal-question jurisdiction will nonetheless lie if the 'plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Id.* (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). It is also well established that federal jurisdiction exists even when a complaint only purports to assert state law claims if the resolution of those claims depends on significant questions of federal law. *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 303, 312 (2005). Indeed, in determining whether issues arise under federal law, the Court considers the substance of the underlying allegation, rather than its label or form. *Cuyahoga River Power Co. v. Northern Ohio Traction & Light Co.*, 252 U.S. 388, 397 (1920) (concluding that "federal question [exists] not in mere form but in substance, and not in mere assertion, but in essence and effect").

16. Plaintiffs breach of contract claim clearly asserts a violation of RESPA's Regulation X, specifically Section 1024.41. [**Ex. A** ¶¶ 24, 26−27, 30.]

17. As such, pursuant to 28 U.S.C. § 1331, federal question jurisdiction exists over this action because Plaintiffs' allegations require resolving issues that arise under RESPA. Particularly, this matter necessitates the application of federal law, and that federal law determines the rights and liabilities of the parties, which warrants a proper exercise of federal question jurisdiction.

18. To the extent that Plaintiffs also assert claims purporting to arise under the statutory and common law of the Commonwealth of Virginia, these claims are so related to Plaintiffs' federal claims, which are within the original jurisdiction of this Court, that they form part of the

same case or controversy. Accordingly, the Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1367(a).

## II.   DIVERSITY JURISDICTION

19.   Removal of this action is also proper under 28 U.S.C. §§ 1332(a) and 1441(b) because (a) there is complete diversity between Plaintiffs and Ocwen; (b) Defendant Surety is the trustee for the foreclosure and is fraudulently joined, which makes its citizenship irrelevant for purposes of determining diversity; and (c) the amount in controversy exceeds $75,000.00 because equitable relief is requested.

**A.   There is Complete Diversity between the Relevant Parties.**

20.   The citizenship status of the real parties in interest is completely diverse.

21.   Upon information and belief, Plaintiffs are citizens of the Commonwealth of Virginia. (**Ex. A** ¶ 1).

22.   Ocwen is a limited liability company organized under the laws of Delaware, with its principal place of business in Florida.[2]   The citizenship of a limited liability company is determined by the citizenship of its members. *See Ball v. Stylecraft Homes, LLC*, No. 3:13cv246, 2013 U.S. Dist. LEXIS 193700, at *5 n.2 (E.D. Va. June 25, 2013); *Reid v. The Wailers*, 606 F. Supp. 2d 627, 629 (E.D. Va. 2009).

23.   The sole member of Ocwen is Ocwen Mortgage Servicing, Inc., which was located and incorporated in the U.S. Virgin Islands.  A corporation has dual citizenship of the state where it is incorporated and the state where it has its principal place of business. *Johnson v. Advance*

---

[2] Ocwen Loan Servicing, LLC, *State of Delaware Department of State: Divisions of Corporations*, https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx (last accessed Mar. 21, 2018).

*Am., Cash Advance Centers of S.C.*, 549 F.3d 932, 935 (4th Cir. 2008); 28 U.S.C § 1332(c)(1). Therefore, Ocwen Mortgage Servicing, Inc. is a citizen of the U.S. Virgin Islands.

24. Since Ocwen's member is a citizen of U.S. Virgin Islands, Ocwen too is a citizen of that territory. Ocwen is not and has not been a citizen of Virginia, nor was it organized in the Commonwealth. Accordingly, for purposes of federal jurisdiction, Ocwen is not a citizen of the Commonwealth of Virginia and complete diversity exists between Plaintiffs and Ocwen.

**B.     Surety Trustees, LLC is a Nominal Party or has been Fraudulently Joined.**

25. "Generally, all defendants must unanimously join or consent to removal within thirty days of being served with the initial pleadings. . . . . One exception to the rule of unanimity is that the defendant seeking removal does not need the consent of a co-defendant present in the case as 'merely a nominal or formal party.'" *Creed v. Virginia*, 596 F. Supp. 2d 930, 934 (E.D. Va. 2009) (quoting *Bellone v. Roxbury Homes, Inc.*, 748 F. Supp. 434, 436−37 (W.D. Va. 1990)).

26. A nominal party is "a party having no immediately apparent stake in the litigation either prior or subsequent to the act of removal . . . the key inquiry is whether the suit can be resolved without affecting the non-consenting nominal defendant in any reasonably foreseeable way." *Hartford Fire Ins. Co. v. Harleysville Mutual Ins. Co.,* 736 F.3d 255, 260 (4th Cir. 2013).

27. Alternatively, the fraudulent joinder doctrine permits a court "to disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction." *Mays v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). In order to satisfy the fraudulent joinder exception, the removing party must demonstrate "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant." *Id.* at 464 (quoting *Marshall v. Manville*

6

*Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)); *see also AIDS Counseling & Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990).

28. Here, Plaintiffs' sole allegation against Surety is that it "does not have the power to foreclose on Plaintiff's property." **Ex. A ¶** 44. Such "lack of authority to foreclose" claims have been rejected by this Court. *See, e.g. Larota-Florez v. Goldman Sachs Mortgage Co.*, 719 F. Supp. 2d 636, 639−40 (E.D. Va. 2010), *aff'd* 441 F. App'x 202 (4th Cir. 2011); *Ruggia v. Wash. Mut.*, 719 F. Supp. 2d 642, 647 (E.D. Va. 2010), *aff'd,* 442 F. App'x 816 (4th Cir. 2011).

29. Plaintiffs have failed to allege that Surety did anything other than abide by the express terms of the Deed of Trust and Virginia law. Without any allegations of wrongdoing, mere participation as a trustee does not form the basis for any legal claim. *See Zambrano v. HSBC Bank USA, Inc.*, No. 1:09cv996, 2010 U.S. Dist. LEXIS 51371, at *15–16 (E.D. Va. May 25, 2010) ("Plaintiff does not allege any impropriety committed by any of the Defendants in foreclosing on the Property. Therefore, Plaintiff's claim of 'wrongful foreclosure' fails.").[3]

30. Because Surety is a nominal party, its consent is not required for removal, and removal is proper as set forth herein. Alternatively, because Plaintiffs cannot establish a cause of action against Surety for oversight of the foreclosure, the citizenship of Surety can be disregarded

---

[3] In analogous lawsuits without allegations of wrongdoing, this Court has held time and again that the foreclosure trustee is not a real party in interest but is either fraudulently joined or is, at best, a nominal defendant. *See, e.g.*, *Bennett v. Bank of America, N.A.*, No. 3:12-cv-34, 2012 U.S. Dist. LEXIS 54725, at *10, 12 (E.D. Va. April 18, 2012) (concluding that there was no possibility of establishing a cause of action against the substitute trustee and that the trustee was fraudulently joined); *Correll v. Bank of Am., N.A.*, No. 2:11-cv-477, 2012 U.S. Dist. LEXIS 12960, at *16–17 (E.D. Va. Feb. 2, 2012) (holding joinder of substitute trustee was nominal and disregarding trustee's citizenship for purposes of diversity jurisdiction analysis); *Sheppard v. BAC Home Loans Servicing*, *LP*, No. 3:11-cv-00062, 2012 U.S. Dist. LEXIS 7654, at *14 (E.D. Va. Jan. 24, 2012) (finding no reasonable basis for plaintiff to prevail against substitute trustee and therefore disregarding trustee's citizenship then dismissing trustee as a litigant); *Sherman v. Litton Loan Servicing, L.P.*, 796 F. Supp. 2d 753, 760 (E.D. Va. 2011) (finding substitute trustee was improperly joined).

and the party dismissed under the fraudulent joinder doctrine. With Surety dismissed, complete diversity can therefore be established between the real parties in interest.

**C.     The Amount in Controversy is Greater than $75,000.**

31.     Diversity jurisdiction requires an amount in controversy of greater than $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

32.     In the present action, the amount in controversy exceeds the requirement when looking at the value of equitable relief. "[I]n lawsuits 'seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.'" *Monton v. Am.'s Servicing Co.*, No. 2:11cv678, 2012 U.S. Dist. LEXIS 117259, at *10 (E.D. Va. Aug. 12, 2012) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). The court "'ascertain[s] the value of an injunction for amount in controversy purposes by reference to the larger of two figures: the injunction's worth to the plaintiff or its cost to the defendant." *Whiteman v. Chesapeake Appalachia, L.L.C.*, 729 F.3d 381, 384 n.6 (4th Cir. 2013) (alteration in original) (quoting *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010)).

33.     Here, despite claims of compensatory damages totaling $70,000, Plaintiffs seek equitable relief in the form of an injunction to the foreclosure sale (which was granted in the State Court Action). Since the injunction relates to the foreclosure sale, the object of the litigation is the Property. The Property currently is assessed at a value around $284,600.00.[4]

34.     Thus, even without coupling the compensatory damages Plaintiffs request with the value of the Property, it is clear that the amount in controversy exceeds $75,000.00. Accordingly,

---

[4]     608 Windward Dr, *City of Chesapeake Virginia Property Assessment* Information, http://chesapeake.mapsdirect.net/ (last accessed Mar. 21, 2018). A true and correct copy of the City of Chesapeake Real Estate Assessor's assessment of the Property is attached hereto as **Exhibit C**.

8

because complete diversity exists and the amount in controversy requirement is satisfied, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 and removal is proper.

### III.     VENUE

35.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a), because this district and division encompass the Circuit Court for the City of Chesapeake, the forum from which the case has been removed and the Property that is the security for the mortgage transaction at issue is located in this judicial district.

### IV.     CONCLUSION

36.     WHEREFORE, for the reasons stated above, Defendant Ocwen Loan Servicing, LLC hereby removes this action to this Court.

Dated: March 21, 2018                                              Respectfully submitted,

**OCWEN LOAN SERVICING, LLC**

By:/s/ Jessica A. Clark

Andrew B. Pittman (VSB No. 47295)
Jessica A. Clark (VSB No. 90627)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7729
Facsimile: (757) 687-1556
E-mail: andrew.pittman@troutman.com
E-mail: jessica.clark@troutman.com

*Counsel for Ocwen Loan Servicing, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of March, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and I further certify that a true and correct copy of the foregoing was sent via first class mail to the following counsel of record:

**Counsel for Plaintiffs**
Palmer E. Hurst
Heath J. Thompson
Heath J. Thompson, P.C.
4224 Holland Road, Suite 108
Virginia Beach, VA 23452


**Counsel for Surety Trustees, LLC**
Abby K. Moynihan, Esq.
McCabe, Weisberg & Conway, LLC
312 Marshall Avenue, Suite 800
Laurel, MD 20707


/s/ Jessica A. Clark
Andrew B. Pittman (VSB No. 47295)
Jessica A. Clark (VSB No. 90627)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7729
Facsimile: (757) 687-1556
E-mail: andrew.pittman@troutman.com
E-mail: jessica.clark@troutman.com


*Counsel for Ocwen Loan Servicing, LLC*