IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JAMES T. BUFORD, *et al.*,

    Plaintiffs,

v.                              CIVIL ACTION NO. 2:18cv154

OCWEN LOAN SERVICING,
LLC, *et al.*,

    Defendants.

## MEMORANDUM ORDER

This matter is before the Court on Ocwen Loan Servicing, LLC's ("Ocwen") Motion to Dismiss for failure to state a claim, ECF No. 4; Surety Trustees, LLC's ("Surety") Motion for Nominal Treatment, ECF No. 6; and James and Babetta Bufords' (collectively "Plaintiffs") Motion to Remand, ECF No. 8. These Motions were referred to United States Magistrate Judge Robert J. Krask ("Magistrate Judge") on June 8, 2018, for a report and recommendation. ECF No. 19. Having reviewed the Parties' filings in this case, the Court finds this matter is ripe for judicial determination. For the reasons set forth below, the Court does hereby **ACCEPT** and **ADOPT** the findings and recommendations set forth in the report of the Magistrate Judge filed on July 13, 2018.

### I. FACTUAL AND PROCEDURAL HISTORY

The Magistrate Judge's Report and Recommendation ("Report") thoroughly details the factual and procedural history of the case. The Complaint states that Plaintiffs entered into a mortgage loan contract in September 1996, consisting of a note and deed of trust, for the purchase

1

of real property located in Chesapeake, Virginia. ECF No. 1-1. Ocwen is presumably the current servicer on the loan. ECF No. 20. Plaintiffs fell behind on their payments in September 2017. ECF No. 1-1. As a result, Plaintiffs contacted Ocwen concerning a loan modification package and sent Ocwen the completed loan modification package in January 2018. *Id.* Ocwen failed to respond to the package and requested that Plaintiffs send a second package in February 2018. *Id.* After Plaintiffs sent Ocwen the second package, Plaintiffs received notices that Plaintiffs had a pending foreclosure sale on their property scheduled for February 27, 2018. *Id.*

Plaintiffs then filed a complaint and request for preliminary injunction against Ocwen and Surety (substitute trustee), on February 21, 2018, in circuit court. *Id.* On March 20, 2018, Surety filed a motion for nominal treatment in circuit court. ECF No. 6-1. On March 21, 2018, Ocwen filed a notice of removal in this Court. ECF No. 1. On March 28, 2018, Ocwen filed a Motion to Dismiss for failure to state a claim. ECF No. 4. On March 30, 2018, Surety filed a Motion for Nominal Treatment in this Court. ECF No. 6. Plaintiffs, in turn, filed a Motion to Remand to state court on April 4, 2018. ECF No. 8. On April 18, 2018, Ocwen filed a Response to Plaintiffs' Motion to Remand. ECF No. 15. On April 17, 2018, Plaintiffs filed a motion requesting that Ocwen's Motion to Dismiss be held in abeyance until the Court determines jurisdiction by ruling on Plaintiffs' Motion to Remand. ECF No. 10. Plaintiffs' Motion was subsequently granted on April 27, 2018. ECF No. 18.

As mentioned above, on June 8, 2018, the Court entered an Order referring these actions to the Magistrate Judge to conduct hearings and submit proposed findings of fact and, if applicable, recommendations for disposition of the aforementioned Motions. On July 13, 2018, Magistrate Judge Krask filed his Report in which he recommended that Surety's Motion for Nominal Treatment be **GRANTED**; that the claim against Surety be **DISMISSED WITHOUT**

**PREJUDICE**; and that Plaintiffs' Motion to Remand to state court be **DENIED**. ECF No. 20. On July 27, 2018, Plaintiffs filed objections to the Magistrate Judge's Report. ECF No. 21. On August 9, 2018, Surety filed a Response. ECF No. 22. On August 10, 2018, Ocwen filed a Response. ECF No. 23. This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The "*de novo*" requirement means that a district court judge must give "fresh consideration" to the objected-to portions of the Magistrate Judge's report and recommendation. *See Wilmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985) ("[A]ny individual findings of fact or recommendations for disposition by the [Magistrate Judge], if objected to, are subject to final *de novo* determination . . . by a district judge . . . ."); *United States v. Raddatz*, 447 U.S. 667, 675 (1980). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## III. DISCUSSION

Plaintiffs raise three objections to the Magistrate Judge's Report: 1) Plaintiffs object to the Magistrate Judge's finding that Surety should be treated as a nominal party; 2) Plaintiffs object to the recommendation that the claims against Surety should be dismissed and ask for leave of Court to amend Plaintiffs' Complaint; and 3) Plaintiffs object to the Magistrate Judge's finding that Plaintiffs' Motion to Remand to the Circuit Court for the City of Chesapeake should be denied.

A district court must review the relevant findings by the Magistrate Judge *de novo* when a party objects to the Magistrate Judge's report and recommendation. 28 U.S.C. § 636(b)(1)

(2009). Objections made to the report must be made "with sufficient specificity so as reasonably to alert the district court of the true ground of the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Objections must also respond to specific errors in the report and recommendation because general or conclusory objections are not proper. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections are the equivalent of a waiver. *Id.*

"While Federal Rule 15(a) provides that leave to amend shall be freely given when justice so requires, a bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought—does not constitute a motion within the contemplation of Rule 15(a)." *United States ex rel. Williams v. Martin-Baker Aircraft Co.*, 389 F.3d 1251, 1259 (D.C. Cir. 2004) (quoting *Confederate Mem'l Ass'n v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993); *see Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1280 (D.C. Cir. 1994).

The Court has reviewed all of Plaintiffs' aforementioned objections to the Magistrate Judge's Report. Based on a *de novo* review of the filings and the Report, this Court determines that the Magistrate Judge's recommendations and findings are proper. *Wilmer*, 774 F.2d at 73. The Report supports all factual findings and the Court finds Plaintiffs' objections are without merit. Plaintiffs' objections fail to provide the Court with objections that target particular errors found in the Report. *See Orpiano*, 687 F.2d at 47. The Court does not find any legal errors in the Magistrate Judge's findings because Plaintiffs' objections fail to provide the Court with sufficient legal authority to support the assertions presented in Plaintiffs' objections to the Report. Accordingly, the Court concludes that Plaintiffs raise no grounds which warrant this Court's departure from the recommendations as stated in the Magistrate Judge's Report.

Also in Plaintiffs' objections to the Report, Plaintiffs request that the Court grant Plaintiffs leave of Court to amend Plaintiffs' Complaint. Plaintiffs' request for leave of Court in Plaintiffs' objection to the Report fails to provide the Court with sufficient and reasonable grounds for the Court to grant leave to amend Plaintiffs' Complaint. *See Martin-Baker Aircraft Co.*, 389 F.3d at 1259. Therefore, the Court denies Plaintiffs' request because the Court finds that Plaintiffs have not provided any basis or legal support to warrant the need for an amended complaint.

## IV. CONCLUSION

The Court has independently reviewed the filings in this case and Plaintiffs' objections to the Report. Having done so, the Court finds that there is no meritorious reason to sustain Plaintiffs' objections. After careful review of the Magistrate Judge's Report, the Court does hereby **ACCEPT** and **ADOPT** the findings and recommendations set forth in the report of the United States Magistrate Judge filed on July 13, 2018. Specifically, Surety's Motion for Nominal Treatment is **GRANTED**; the claim against Surety is **DISMISSED WITHOUT PREJUDICE**; and Plaintiffs' Motion to Remand is **DENIED**. Plaintiffs' additional request for leave of Court to amend Plaintiffs' complaint is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
August 29, 2018

Raymond A. Jackson
United States District Judge