IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JAMES T. BUFORD, *et al.*,

    Plaintiffs,

v.                                    CIVIL ACTION NO. 2:18cv154

OCWEN LOAN SERVICING,
LLC, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Ocwen Loan Servicing, LLC's ("Ocwen") Motion to Dismiss for failure to state a claim, ECF Nos. 4, 5 and James and Babetta Bufords' (collectively "Plaintiffs") opposition to the Motion to Dismiss, ECF No. 30. This Motion was referred to United States Magistrate Judge Robert J. Krask ("Magistrate Judge") on June 8, 2018, for a report and recommendation. ECF No. 19. Having reviewed the Parties' filings in this case, the Court finds this matter is ripe for judicial determination. For the reasons set forth below, the Court does hereby **ACCEPT** and **ADOPT** the findings and recommendations set forth in the report of the Magistrate Judge filed on November 2, 2018.

### I. FACTUAL AND PROCEDURAL HISTORY

The Magistrate Judge's Report and Recommendation ("Report") thoroughly details the factual and procedural history of the case. ECF No. 33. The Complaint states that Plaintiffs entered into a mortgage loan contract in September 1996, consisting of a note and deed of trust, for the purchase of real property located in Chesapeake, Virginia. ECF No. 1-1. Ocwen is presumably

1

the current servicer on the loan. ECF No. 20. Plaintiffs fell behind on their payments in September 2017. ECF No. 1-1. As a result, Plaintiffs contacted Ocwen concerning a loan modification package and sent Ocwen the completed loan modification package in January 2018. *Id.* Ocwen failed to respond to the package and requested that Plaintiffs send a second package in February 2018. *Id.* After Plaintiffs sent Ocwen the second package, Plaintiffs received notices that Plaintiffs had a pending foreclosure sale on their property scheduled for February 27, 2018. *Id.*

Plaintiffs then filed a complaint and request for preliminary injunction against Ocwen and Surety (substitute trustee), on February 21, 2018, in circuit court. *Id.* On March 21, 2018, Ocwen filed a notice of removal in this Court. ECF No. 1. On March 28, 2018, Ocwen filed a Motion to Dismiss for failure to state a claim. ECF No. 4. Plaintiffs, in turn, filed a Motion to Remand to state court on April 4, 2018. ECF No. 8. On April 18, 2018, Ocwen filed a Response to Plaintiffs' Motion to Remand. ECF No. 15. On April 17, 2018, Plaintiffs filed a motion requesting that Ocwen's Motion to Dismiss be held in abeyance until the Court determines jurisdiction by ruling on Plaintiffs' Motion to Remand. ECF No. 10. Plaintiffs' Motion was subsequently granted on April 27, 2018. ECF No. 18.

As mentioned above, on June 8, 2018, the Court filed an Order referring the instant Motion to Dismiss as well as Plaintiffs' Motion to Remand to the Magistrate Judge to conduct hearings and submit proposed findings of fact and, if applicable, recommendations for disposition of the aforementioned motions. The Court denied the Motion to Remand on August 29, 2018. ECF No. 24. Plaintiffs then filed their opposition to the Motion to Dismiss, and Ocwen filed its reply. ECF Nos. 30, 32. On November 2, 2018, Magistrate Judge Krask filed his report in which he recommended that that Ocwen's motion to dismiss be **GRANTED**, that the complaint be **DISMISSED WITH PREJUDICE**, and the request for injunctive relief be **DENIED AS MOOT**.

On November 16, 2018, Plaintiffs filed objections to the Magistrate Judge's Report. ECF No. 24. On November 30, 2018, Ocwen filed a Response. ECF No. 35. This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The "*de novo*" requirement means that a district court judge must give "fresh consideration" to the objected-to portions of the Magistrate Judge's report and recommendation. *See Wilmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985) ("[A]ny individual findings of fact or recommendations for disposition by the [Magistrate Judge], if objected to, are subject to final *de novo* determination . . . by a district judge . . . ."); *United States v. Raddatz*, 447 U.S. 667, 675 (1980). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## III. DISCUSSION

Plaintiffs stipulate that they do not dispute the facts as outlined by the Magistrate Judge's Report and Recommendation. However, Plaintiffs raise objections to the "interpretation of the facts" and the legal analysis in the Magistrate Judge's Report. ECF No. 34 at 2. First, Plaintiffs object to the Magistrate Judge's finding that the terms of the deed of trust exclude the Real Estate Settlement Procedures Act's ("RESPA") Regulation X; second, Plaintiffs object to the Magistrate Judge's finding that no private right of action exists based on the alleged violations of the RESPA provisions; and third, in opposing the Magistrate Judge's Report Plaintiffs now seek rescission of the foreclosure sale.

A district court must review the relevant findings by the Magistrate Judge *de novo* when a party objects to the Magistrate Judge's report and recommendation. 28 U.S.C. § 636(b)(1) (2009). Objections made to the report must be made "with sufficient specificity so as reasonably to alert the district court of the true ground of the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Objections must also respond to specific errors in the report and recommendation because general or conclusory objections are not proper. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections are the equivalent of a waiver. *Id.*

The Court has reviewed all of Plaintiffs' objections to the Magistrate Judge's Report. Based on a *de novo* review of the filings and the Report, this Court determines that the Magistrate Judge's recommendations and findings are proper. *Wilmer*, 774 F.2d at 73. The Court finds that the terms of the deed of trust did in fact exclude the Real Estate Settlement Procedures Act's ("RESPA") Regulation X. Moreover, the Court agrees with the Magistrate Judge's finding that no private right of action exists based on the alleged violations of the RESPA provisions. The Report supports all factual findings and the Court finds Plaintiffs' objections are without merit. The Court does not find any legal errors in the Magistrate Judge's findings because Plaintiffs' objections fail to provide the Court with sufficient legal authority to support the assertions presented in Plaintiffs' objections to the Report. Accordingly, the Court concludes that Plaintiffs raise no grounds which warrant this Court's departure from the recommendations as stated in the Magistrate Judge's Report.

Plaintiffs' new request that the Court grant the equitable remedy of recession of the foreclosure sale fails to provide the Court with sufficient and reasonable grounds for the Court to grant relief. Parties may not raise entirely new arguments for the first time in their objections to a

magistrate judge's report. *McCarthy v. Giron*, No. 1:13-CV-01559-GBL, 2014 WL 2696660, at *13 (E.D. Va. June 6, 2014) When a magistrate judge is hearing a matter pursuant to his or her authority to make a report and recommendation, "a claimant must present all his claims squarely to the magistrate judge that is, the first adversarial forum, to preserve them for review." *Id.* (internal citation omitted). Therefore, the Court denies Plaintiffs' request because the Court finds that Plaintiffs have not provided any basis or legal support to warrant the need for recession.

### IV. CONCLUSION

The Court has independently reviewed the filings in this case and Plaintiffs' objections to the Report. Having done so, the Court finds that there is no meritorious reason to sustain Plaintiffs' objections. After careful review of the Magistrate Judge's Report, the Court does hereby **ACCEPT** and **ADOPT** the findings and recommendations set forth in the report of the United States Magistrate Judge filed on November 2, 2018. Specifically, Ocwen's Motion to Dismiss is **GRANTED**; the Complaint is **DISMISSED WITH PREJUDICE**; and the request for injunctive relief is **DENIED AS MOOT**.

The Court **DIRECTS** the Clerk to provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
December 10, 2018

Raymond A. Jackson
United States District Judge